**IT IS ORDERED as set forth below:**

**Date: November 18, 2020**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge
Signed as Revised by the Court**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF**: | : | CASE NUMBER: |
| SUSAN PISTILLO, | : | **10-79803-LRC** |
| Debtor. | : | CHAPTER 7 |
| _____ | : | |
| PHH MORTGAGE CORPORATION, SUCCESSOR BY MERGER TO OCWEN LOAN SERVICING, LLC AS ATTORNEY- IN-FACT FOR DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR IXIS REAL ESTATE CAPITAL TRUST 2006-HE3 MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2006-HE3, | : | |
| Movant, | : | |
| v. | : | CONTESTED MATTER |
| SUSAN PISTILLO, | : | |
| Respondent. | : | |
| _____ | : | |

1

## **ORDER**

Before the Court is the *Motion to Compel Debtor to Surrender Real Property Pursuant to Statement of Intention* (Doc. 24) (the "Motion"). The Motion was called for hearing on November 5, 2020, upon Notice of Hearing to Susan Pistillo ("Debtor"). Appearing on behalf of Movant was Brian K. Jordan. There was no appearance made by or for Debtor at the call of the calendar. Pursuant to Rule 201 of the Federal Rules of Evidence made applicable to this proceeding by Rule 9017 of the Federal Rules of Bankruptcy Procedure, the Court takes Judicial Notice of Exhibits attached to Movant's Request for Judicial Notice ("RJN") filed at Docket Number 25. Debtor has not disputed the following facts, which are, therefore, deemed admitted:

1. On or about September 26, 2006, Debtor and Michael Marcinanis (together the "Borrowers"), obtained a loan in the principal amount of $441,000.00, dated September 26, 2006, which was executed by Borrowers (the "Loan").

2. The Loan is memorialized by a note in the amount of $441,000.00, dated September 26, 2006, which was executed by Borrowers (the "Note"). The original Note is indorsed in blank without recourse and is in the physical possession of Creditor. See RJN, Exhibit A.

3. As security for the Loan, Borrowers executed, acknowledged, and delivered a mortgage dated September 26, 2006, in favor of Rose Mortgage, Inc. (the "Mortgage"), encumbering 15 Princeton Avenue, Hewitt, New York 11557 (the "Property"). The Mortgage was duly recorded in the Office of the Nassau County Clerk on October 17, 2006, under Liber 31098 at Page 692. *Id.*

4. On January 12, 2009, Rose Mortgage, Inc. executed an Assignment of Mortgage to

Deutsche Bank National Trust Company, as Trustee for Ixis 2006-HE3 ("DBNTC"), which was recorded in the Office of the Nassau County Clerk's Office on June 29, 2009, under Liber 33996 at Page 971.

5. On June 22, 2014, DBNTC executed an Assignment of Mortgage to Deutsche Bank National Trust Company, as Trustee for Ixis Real Estate Capital Trust 2006-HE3 Mortgage Pass Through Certificates, Series 2006-HE3 ("Investor") recorded on July 17, 2014, under Liber M39805 at Page 673 in the Office of the Nassau County Clerk's Office. See Exhibit B attached to the RJN.

6. PHH Mortgage Corporation ("PHH"), successor by merger to Ocwen Loan Servicing, LLC ("OLS"), is the current servicer of the Loan held by Investor. See RJN, Exhibit C.

7. On July 6, 2010, Debtor filed a Chapter 7 petition ("2010 Bankruptcy Petition") in the United States Bankruptcy Court for the Northern District of Georgia at Case Number 10-79803-MHM ("2010 Bankruptcy Case"), which stayed a 2008 Foreclosure Action.

8. The 2010 Bankruptcy Petition, Schedule A, listed the Property as her former residence, and Debtor's Statement of Intention also identified the Property as "Former Residence" and stated Debtor's intention to surrender the Property to Ocwen Loan Servicing, the loan servicer at the time, as the creditor. Debtor's Schedule A further reflected the loan was in default and foreclosure proceedings had begun.

9. Debtor did not claim the Property as exempt and proposed to surrender the Property. Further, the 2010 Bankruptcy Petition identified Debtor's address as 312 Addison Lane, John's Creek, GA 30005 and listed OLS, the loan servicer at the time, as the holder of a secured claim based on the Mortgage.

3

10. The Chapter 7 Trustee's Report of No Distribution included the Property as one of the assets abandoned by the bankruptcy estate.

11. On April 21, 2011, the Bankruptcy Court entered the Discharge of Debtor(s) with Order Approving Trustee's Report of No Distribution, Closing Estate and Discharging Trustee ("2011 Discharge Order").

12. On July 27, 2016, Debtor filed a Chapter 13 bankruptcy petition ("2016 Bankruptcy Petition") in the United States Bankruptcy Court for the Northern District of Georgia, Case Number 16-62944-CRM ("2016 Bankruptcy Case").  The Chapter 13 2016 Bankruptcy Case was dismissed and subsequently closed on January 3, 2017.  Debtor did not list the Property in her 2016 Bankruptcy Petition.  See RJN, Exhibit E.

13. On August 29, 2008, Creditor's predecessor-in-interest, DBNTC, commenced an action to foreclose the Mortgage under Index No. 16378/2008 in Nassau County Supreme Court, State of New York (the "2008 Foreclosure Action") by filing a Summons and Complaint, together with a Notice of Pendency with the Nassau County Clerk's Office. Borrowers were duly served with the Summons and Complaint on September 6, 2008.  See RJN, Exhibit F.

14. From September 30, 2008, to the present time, Debtor has actively opposed the 2008 Foreclosure Action.  See RJN, Exhibit F, RJN, Exhibit I, RJN, Exhibit N.

15. From February 7, 2017, to the present time, Debtor has actively sought to retain the Property through a quiet title action pursuant to RPAPL § 1501(4).  See RJN, Exhibit J; RJN, Exhibit M.

16. The Creditor (on behalf of the Investor) subsequently filed a motion to reopen the

4

above-captioned closed bankruptcy case ("Motion to Reopen") to file a motion to (i) compel the enforcement of Debtor's surrender of the Property pursuant to her Statement of Intention, wherein the Debtor represented under penalty of perjury that she would surrender her rights to the Property; and (ii) hold Debtor in contempt of this Court's 2011 Discharge Order. Debtor did not oppose the Motion to Reopen, and this Court granted the Motion to Reopen on September 24, 2020.

It appearing that proper notice of the Motion has been provided for Debtor and that the Court has authority, pursuant to 11 U.S.C. § 521 and § 105(a), to grant the relief requested by Movant as it pertains to Debtor, see *In re Taylor*, 2 F.3d 1512 (11th Cir. 1993); *In re Failla*, 838 F.3d 1170, 1177 (11th Cir. 2016),

IT IS ORDERED that the Motion is GRANTED in part, as further described below;

IT IS FURTHER ORDERED that Debtor shall cease all defense and/or opposition related to Movant's efforts to foreclose on the Property including, but not limited to, withdrawing her: (1) Opposition to Creditor's Motion to Reargue in the 2008 Foreclosure Action pending before the New York Supreme Court, Nassau County at Index No. 16378/2008; and (2) Opposition to Creditor's Appeal from the QT OSC Denial Order pending before the Second Department under Docket No. 2018-13767;

IT IS FURTHER ORDERED that Debtor shall (i) either move or execute a stipulation to vacate the Amended Default Judgment Order discharging the Mortgage in the 2017 Quiet Title Action pending before the New York Supreme Court, Nassau County at Index No. 601072/2017, and either move or execute a stipulation to vacate the dismissal of the Foreclosure Appeal in the 2008 Foreclosure Action pending before the Second

5

Department at Docket No. 2020-03001;

IT IS FURTHER ORDERED that any other relief requested in the Motion is DENIED.

### END OF DOCUMENT

**Draft Order Prepared and Presented by:**

**/s/ Brian K. Jordan**

**Brian K. Jordan, Bar No.: 113008**
**Attorney for Movant**
**Aldridge Pite, LLP**
**Fifteen Piedmont Center**
**3575 Piedmont Road, N.E., Suite 500**
**Atlanta, GA 30305**
**Phone: (404) 994-7400**
**Fax: (619) 590-1385**
**Email: bjordan@aldridgepite.com**

**DISTRIBUTION LIST**

Susan Pistillo
312 Addison Lane
John's Creek, GA 30005

Susan Pistillo
420 Wyndham Farms Way
Milton, GA 30004

Kevin J. Cowart
Freedom Law LLC
P. O. Box 897
Madison, GA 30650

S. Gregory Hays
Hays Financial Consulting, LLC
2964 Peachtree Road
Suite 555
Atlanta, GA 30305

ALDRIDGE PITE, LLP
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305