IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 10-79803 |
| SUSAN PISTILLO, | CHAPTER: 7 |
| Debtor. | |

**NOTICE OF HEARING**

**PLEASE TAKE NOTICE** that **Deutsche Bank National Trust Company, as Trustee for Ixis Real Estate Capital Trust 2006-HE3 Mortgage Pass Through Certificates, Series 2006-HE3** has filed a Motion to Reopen and related papers with the Court seeking an Order Reopening the Closed Case.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold an initial telephonic hearing for announcements on the Motion at the following number: 1-833-568-8864; meeting id 161 346 1602, at 10:15 A.M., on November 3, 2021 in Courtroom 1204, United States Courthouse, 75 Ted Turner Drive SW, Atlanta, GA 30303.

Matters that need to be heard further by the Court may be heard by telephone, by video conference, or in person, either on the date set forth above or on some other day, all as determined by the Court in connection with this initial telephonic hearing. Please review the "Hearing Information" tab on the judge's webpage, which can be found under the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the webpage for this Court, www.ganb.uscourts.gov for more information.

Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how, and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is: Clerk, U.S. Bankruptcy Court, 75 Ted Turner Drive SW, Room 1340, Atlanta, GA 30303. You must also mail a copy of your response to the undersigned at the address stated below.

140383.06133/127092393v.1

/s/ Brian K. Jordan
_____
Brian K. Jordan, Bar No.: 113008
Counsel for Creditor PHH
Mortgage Corporation, successor by
merger with Ocwen Loan Servicing, LLC,
as attorney-in-fact for Deutsche Bank
National Trust Company, as Trustee for
Ixis Real Estate Capital Trust 2006-HE3
Mortgage Pass Through Certificates,
Series 2006-HE3
Aldridge Pite, LLP
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305
Phone: (404) 994-7400
Fax: (619) 590-1385
Email: bjordan@aldridgepite.com

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 10-79803 |
| SUSAN PISTILLO, | CHAPTER: 7 |
| Debtor. | |

## MOTION TO REOPEN DEBTOR'S CLOSED BANKRUPTCY CASE

Pursuant to Rule 5010 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Section 350(b) of the United States Bankruptcy Code, PHH Mortgage Corporation, successor by merger to Ocwen Loan Servicing, LLC as attorney-in-fact for Deutsche Bank National Trust Company, as Trustee for Ixis Real Estate Capital Trust 2006-HE3 Mortgage Pass Through Certificates, Series 2006-HE3 ("Creditor"), hereby submits its Motion to Reopen the Bankruptcy Case ("Motion to Reopen") to file a Motion for an Order of Contempt for Failure to Comply with Court Order ("Motion for Contempt").  Debtor has refused to comply with an Order of this Court directing her to surrender the real property located at 15 Princeton Avenue, Hewlett, New York 11557 (the "Property"). Specifically, Debtor was required to withdraw her: (1) Opposition to Creditor's Motion to Reargue in the 2008 Foreclosure Action; and (2) Opposition to Creditor's Appeal from the QT OSC Denial Order pending before the Appellate Division Second Department; and (3) to move or execute a stipulation to vacate the Amended Default Judgment Order discharging the Mortgage in the 2017 Quiet Title Action; and (4) to move or execute a stipulation to vacate the dismissal of the Foreclosure Appeal in the 2008 Foreclosure Action.

140383.06133/127092393v.1

Additionally, Creditor intends to seek sanctions against Debtor, including, but not limited to, the amount of the Creditor's reasonable attorney's fees and costs and vacating of Debtor's Discharge.

## I.     RELEVANT FACTUAL BACKGROUND

**A.     MOTION TO COMPEL AND ORDER ON MOTION TO COMPEL**

1. On October 12, 2020, Creditor filed its Motion to Compel Debtor to Surrender Real Property Pursuant to Statement of Intention ("Motion to Compel"). *See* Request for Judicial Notice ("RJN"), Exhibit A. Creditor sought an order compelling Debtor to surrender her rights to the Property pursuant to her Statement of Intention as required by 11 U.S.C. § 521(a)(2)(b) and cease her ongoing and continuous efforts to oppose Creditor's foreclosure under state law.

2. On November 19, 2020, this Court entered the Order Granting the Motion to Compel Surrender. *See* Dkt. No. 26. The Order directed Debtor explicitly to cease all defense and/or opposition to Creditor's foreclosure regarding the Property.

**B.     DEBTOR'S FAILURE TO COMPLY WITH ORDER GRANTING THE MOTION TO COMPEL**

3. Following entry of the Order Granting Motion to Compel Surrender, Creditor's New York counsel, Blank Rome LLP, filed letters in the 2008 Foreclosure Action, 2017 Quiet Title Action, and with the Appellate Division Second Department, informing the Courts and Debtor's counsel, of this Court's Order and advised Debtor's compliance must include withdrawal of Debtor's opposition to Creditor's foreclosure efforts regarding the Property.

4. Since that time, Credit and Debtor attempted to resolve all of the litigations through a global settlement, but settlement efforts failed on July 8, 2021. As of the date of the filing of this Motion, Debtor has still failed to comply with the Order Granting the Motion to Compel Surrender.

5. Creditor has attempted to amicably resolve the pending foreclosure without need to file the present Motion for Contempt. However, all Creditor's attempts to resolve this matter with the Debtor have been rejected. Creditor is left with no other option but to move this Court to find Debtor in Contempt of the Order granting then Motion to Compel Surrender and enter an additional order requiring Debtor's compliance with the Order, awarding sanctions sufficient to coerce Debtor's compliance with said Order and reimbursing Creditor for the fees and costs incurred in seeking Debtor's compliance.

## II. ARGUMENT

### A. THE COURT SHOULD REOPEN THE 2010 BANKRUPTCY CASE FOR THE LIMITED PURPOSE OF HEARING THE CREDITOR'S MOTION FOR CONTEMPT

**1. Legal Standard**

Rule 5010 of the Federal Rules of Bankruptcy Procedure provides, in pertinent part, that "[a] case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code." Fed. R. Bankr. P. 5010. Further, Section 350 of the Bankruptcy Code provides that a case may be reopened for "cause." *See* 11 U.S.C. § 350; *In re Rochester*, 308 B.R. 596, 600 (Bankr. N.D. Ga. 2004) ("Court may reopen a closed case in order to administer assets, accord relief to the debtor, or for other cause.").

The term "cause" under Section 350(b) casts a broad net, and a decision to reopen falls within the "sound discretion of a bankruptcy court." *In re Rochester*, 308 B.R. at 600 (citing *In re Sheerin,* 21 B.R. 438, 439–40 (1st Cir. BAP 1982)); *see also In re Daniel,* 205 B.R. 346, 348 (Bankr. N.D. Ga. 1997). "The Court must consider the facts presented in each case and use its discretion to determine whether cause exists to reopen a case." *Id.* (citing *In re Koch,* 229 B.R. 78, 88 (Bankr.E.D.N.Y.1999) ("The bankruptcy court should exercise its discretion, based upon the

peculiar facts present and determine if cause exists and how ultimately to dispose of the case.")); *In re Winebrenner,* 170 B.R. 878, 881 (Bankr.E.D.Va.1994)).

"Courts have looked to three interests in determining whether to reopen a closed bankruptcy case: (1) benefit to the debtor; (2) prejudice or detriment to the opponent of reopening; and (3) benefit to the debtor's creditors." *In re James*, 487 B.R. 587, 594 (Bankr. N.D. Ga. 2013) (citing *In re Tarrer,* 273 B.R. 724, 732 (Bankr. N.D. Ga. 2001); *In re Maloy,* 195 B.R. 517, 518 (Bankr. M.D. Ga. 1996)).

**2. Cause Exists to Reopen this Case**

Here, "cause" exists to reopen the case, so Creditor can file a Motion for Contempt because: (1) Debtor has failed to comply with this Court's Order directing her to surrender her interest in real property pursuant to her Statement of Intention; (2) Creditor will be unduly prejudiced if the Bankruptcy Court denies the Motion for Contempt because Creditor has been unsuccessful in its attempts to solicit Debtor's compliance; and (3) the Bankruptcy Court is the appropriate court to enforce its own orders as well as award sanctions to encourage compliance.

Further, Creditor also intends to ask that Debtor's Discharge be vacated. Debtor has benefitted from engineering a "no recourse" loan based upon her Statement of Intention providing that she would surrender the Property. Debtor has discharged her personal liability while maintaining her opposition to Creditor's foreclosure and also improperly and in violation of her surrender of the Property, obtained a discharge of Creditor's mortgage in the 2017 Quiet Title Action.

The Bankruptcy Court is empowered to grant the relief Creditor will request pursuant to its powers under 11 U.S.C. Section 105(a) through which this Court has contempt power to enforce its own orders.

140383.06133/127092393v.1

## **CONCLUSION**

For all the foregoing reasons, Creditor respectfully requests that this Court issue an Order granting this Motion to Reopen in its entirety.

Respectfully submitted,

/s/ Brian K. Jordan
Brian K. Jordan, Bar No.: 113008
Counsel for Creditor PHH Mortgage Corporation, successor by merger with Ocwen Loan Servicing, LLC, as attorney-in-fact for Deutsche Bank National Trust Company, as Trustee for Ixis Real Estate Capital Trust 2006-HE3 Mortgage Pass Through Certificates, Series 2006-HE3
Aldridge Pite, LLP
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305
Phone: (404) 994-7400
Fax: (619) 590-1385
Email: bjordan@aldridgepite.com

140383.06133/127092393v.1

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA - ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 10-79803 |
| | ) | |
| SUSAN PISTILLO, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify under penalty of perjury that I am, and at all times hereinafter mentioned, was more than 18 years of age, and that on October 6, 2021, I caused the MOTION TO REOPEN DEBTOR'S CLOSED BANKRUPTCY CASE which was filed in this bankruptcy matter on October 6, 2021, to be served in the manner indicated:

**The following parties have been served by the Court by the virtue of their participation in the CM/ECF system**:

Kevin J. Cowart

S. Gregory Hays

**The following parties have been served via U.S. First Class Mail**:

| | |
|---|---|
| Susan Pistillo | Susan Pistillo |
| 312 Addison Lane | 420 Wyndham Farms Way |
| John's Creek, GA 30005 | Milton, GA 30004 |

140383.06133/127092393v.1

**I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

DATED: October 6, 2021

/s/ Brian K. Jordan_____
Brian K. Jordan, Bar No.: 113008
Counsel for Creditor PHH Mortgage Corporation, successor by merger with Ocwen Loan Servicing, LLC, as attorney-in-fact for Deutsche Bank National Trust Company, as Trustee for Ixis Real Estate Capital Trust 2006-HE3 Mortgage Pass Through Certificates, Series 2006-HE3
Aldridge Pite, LLP
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305
Phone: (404) 994-7400
Fax: (619) 590-1385
Email: bjordan@aldridgepite.com

140383.06133/127092393v.1